IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LENA C. WILLETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: _____ |
| ) | |
| NATIONAL ENTERPRISE SYSTEMS, INC. ) | |
| and ) | |
| LYNN HERSCHEL ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

# COMPLAINT

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Defendants' violations of the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. § 47-18-101 *et seq.* ("TCPA"), Defendants' violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and out of the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### III. PARTIES

4. Plaintiff Lena C. Willett is a natural person who resides in Hamblen County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Tenn. Code Ann. § 47-18-103(2).

5. Defendant National Enterprise Systems, Inc. (hereinafter "Defendant NES") is an Ohio corporation and a collection agency operating from an address of 29125 Solon Rd, Solon, Ohio 44139-3442 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a "collection service" as that term is defined by Tenn. Code Ann. § 62-20-102(3). Defendant NES is a registered corporation in Tennessee and lists CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

6. Defendant Lynn Herschel (hereinafter "Defendant Herschel") is a natural person who is employed by Defendant NES as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and she can be served at her employer's address at 29125 Solon Rd, Solon, Ohio 44139-3442.

### IV. FACTUAL ALLEGATIONS

7. In the approximate time period of 1990 through 1998, Plaintiff incurred a financial obligation with or that was serviced by Chase Bank, USA, NA that was primarily for personal, family or household purposes, that went into default for late payment, and is

therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt in the alleged approximate amount of $10,268.00, which was used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8. In approximately May 2006, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant NES for collection from Plaintiff, when thereafter Plaintiff received collection communications from Defendants and Defendants attempted unauthorized electronic fund transfers from Plaintiff's bank account, all in an attempt to collect this debt.

9. The calls from Defendant Herschel to Plaintiff and the attempted unauthorized electronic fund transfer from Plaintiff's bank account were violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(1), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, 1692f(2), 1692f(3) and 1692f(4), amongst others, the TCPA, including, but not limited to Tenn. Code Ann. §§ 47-18-104(a) and 47-18-104(b)(12) and (27), and the EFTA, 15 U.S.C. § 1693 *et seq.*

### A. *July 24, 2006 Letter from Defendant NES to Plaintiff*

10. Sometime in late July or early August 2006, Plaintiff received an unsigned letter from Defendant NES at her home address, which was addressed to Plaintiff, was dated July 24, 2006 and, among other things, notified Plaintiff that account # \*\*\*\* \*\*\*\* \*\*\*\* 2261 (redacted) had a "Total Amount Due" of $10,267.60, that Defendant NES had been authorized by Chase Bank to settle the account for something less than the balance in full,

3

and to please contact Defendant NES if you would like to discuss this offer at 800-925-6136, ext. 1149.

### B. *Plaintiff's First Telephone Call with Defendant Herschel*

11. In response to the July 24, 2006 letter from Defendant NES, Plaintiff called NES in the approximate time period of the week of August 14, 2006 and the unidentified person who answered the telephone told her that she needed to talk to Defendant Herschel and transferred the call.

12. After Plaintiff was connected with Defendant Herschel, she was told that she owed $10,267.60 to Chase Bank.

13. Plaintiff told Defendant Herschel that she could not pay the entire amount at one time and that she would have to make payments on the account.

14. Defendant Herschel then told Plaintiff that she would not be allowed to make payments and that the only it could be paid was by making 2 payments of $3,500.00 or the entire amount at one time.

15. Plaintiff told Defendant Herschel that she did not have that kind of money to make such large payments.

16. Defendant Herschel replied that Plaintiff should try and borrow it.

17. When Plaintiff asked Defendant Herschel where she could borrow it, Defendant Herschel replied that Plaintiff should try to borrow it from family and friends.

18. Plaintiff then told Defendant Herschel that she would talk to her husband and some of her friends to see what she could do.

19. Defendant Herschel then demanded that the Plaintiff go ahead and give her two (2) post dated checks in the amount of $3,500.00 each and Plaintiff agreed to do that by providing her bank account information over the telephone to electronically deduct the amounts from Plaintiff's bank account.

20. Plaintiff told Defendant Herschel that she did not write any checks out of her bank account so she was not sure what numbers to give her for the two checks and Defendant Herschel replied that they would use # 801 for the first check number and #802 for the second check number.

21. Plaintiff then asked Defendant Herschel what would happen if she could not get the money and Defendant Herschel replied that Plaintiff should just call and let her know.

### C. *Plaintiff's Second Telephone Call With Defendant Herschel*

22. Plaintiff was unable to borrow the money to place in her bank account so that the electronic deductions would be paid and, during the approximate time period of the week of August 21, 2006, she called Defendant Herschel back to let her know.

23. When Plaintiff told Defendant Herschel that she was unable to get the money, Defendant Herschel replied that Plaintiff should try harder and that if Plaintiff did not get the money to cover the checks "you will be facing a felony".

24. Plaintiff then asked, "Does that mean that I am going to jail?" and Defendant Herschel replied, "You need to get a good attorney because it is going to cost you $15,000.00."

25. Defendant Herschel then said that the first check was going through the bank on Friday.

5

26. Plaintiff then told Defendant Herschel that she had said to give her the check numbers so the payments could be processed if she was able to borrow the money and that Plaintiff was to call Defendant Herschel back if she could not get the money.

27. Defendant Herschel then repeated that the first check was going through on Friday and "the money better be there" and hung up.

### D. Plaintiff Stopped Payment on Checks

28. After the last telephone call with Defendant Herschel, Plaintiff contacted an attorney to find out what she could do to stop the checks from going through and he advised her to go to her credit union and have stop payment orders issued for the checks.

29. Plaintiff immediately went to her credit union and completed the necessary paper work to have payments stopped on checks #801 and #802.

### E. Defendants Sent Electronic Debits to Plaintiff's Credit Union Without Plaintiff's Permission

30. On or about September 15, 2006, Plaintiff received her monthly statement from her credit union showing the activity in her account during the month of August 2006.

31. The statement showed, among other things, that on August 30, 2006 an item numbered #801 in the amount of $1,600.00 had been presented to her credit union for payment and that her credit union had charged her $25.00 for an NSF Fee.

32. After Plaintiff saw these amounts on her statement, she went to her credit union to ask why they charged her an NSF fee when there was a stop payment order on the check.

33. Plaintiff's credit union told her that an item in the amount of $1,600.00 had been sent to her account on August 30, 2006 as an electronic debit, not as a check, and that electronic debits were hard to stop.

34. Plaintiff's credit union also told her that after August 30, 2006 three (3) more electronic debits had been sent through on her account, as follows:

| AMOUNT | DATE | # OF TRANSACTION | NSF FEE |
| --- | --- | --- | --- |
| $2,000.00 | 09/01/06 | #802 | $25.00 |
| $1,600.00 | 09/06/06 | #801 | $25.00 |
| $2,000.00 | 09/08/06 | #802 | $25.00 |

35. Plaintiff's credit union refunded her the $100.00 for NSF Fees that had been charged to her account and, at the suggestion of the credit union, she closed her account and opened a new one so that no more attempts to electronically debit her account could be processed.

36. The above-detailed conduct by Defendants, of threatening, harassing and abusing the Plaintiff and illegally attempting to deduct money from Plaintiff's bank account without her permission in an effort to collect this debt, was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, a violation of numerous and multiple provisions of the TCPA, including but not limited to all of the above mentioned provisions of the TCPA, a violation of the EFTA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of financial private facts to third parties.

37. Plaintiff has suffered actual damages as a result of the illegal collection communications, and the illegal actions and omissions under the EFTA, in the form of anger, anxiety,

emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

38. The Plaintiff is informed and believes and therefore alleges that the Defendants knowingly engaged in illegal debt collection.

## V. TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

42. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

## TENN. CODE ANN. § 47-18-101 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Tennessee legislature, when it first enacted the Tennessee Consumer Protection Act, expressly stated that:

> The provisions of this part shall be liberally construed to promote [among others] the following policies:
>
> (2) **To protect consumers and legitimate business enterprises** from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within the state.
>
> (3) To encourage and promote the development of **fair consumer practices**.

Tenn. Code Ann. 47-18-102(2) and (3) (emphasis added).

45. The policies of the Tennessee legislature in passing the TCPA fall in line with the Congressional findings that the FDCPA was enacted to protect consumers and law-abiding debt collectors from the abusive debt collection practices of some debt collectors, when Congress stated that:

> It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, **to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively**

9

**disadvantaged**, and **to promote consistent State action to protect consumers against debt collection abuses**.

15 U.S.C. § 1692(e) (emphasis added).

46. The foregoing negligent and willful and knowing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, § 47-18-101 *et seq.*

47. As a result of each and every Defendant's violations of the TCPA, Plaintiff is entitled to actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) for negligent acts and omissions; three (3) times the actual damages sustained for willful and knowing acts and omissions pursuant to Tenn. Code Ann. § 47-18-109(a)(3); and, reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) from each and every Defendant herein.

## COUNT III.

## VIOLATION OF THE ELECTRONIC FUND TRANSFERS ACT

## 15 U.S.C § 1693 *et seq.*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendants never obtained written authorization from the Plaintiff at the time they solicited preauthorized electronic fund transfers from the Plaintiff's account and a copy of such authorization was never provided to the Plaintiff, in violation of the EFTA.

50. As a result of each and every Defendant's violations of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 169m(a)(3) from each and every Defendant herein.

## COUNT IV.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTIES

51. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

53. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

11

15 U.S.C. § 6801(a) (emphasis added).

54. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

55. Defendants intentionally and/or negligently caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

56. Defendants threatening Plaintiff with being charged with a felony and initiating the unauthorized electronic debits to Plaintiff's credit union without Plaintiff's permission are examples of Defendants' conduct which violated Plaintiff's right to financial and other privacy.

57. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

58. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

59. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

### TENN. CODE ANN. § 47-18-101 *et seq.*

- for an award of actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(1) against each and every Defendant and for Plaintiff;

- for an award of three (3) times the actual damages pursuant to Tenn. Code Ann. § 47-18-109(a)(3) against each and every Defendant and for Plaintiff;

- for an award of reasonable attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1) against each and every Defendant and for Plaintiff;

## COUNT III.

### VIOLATION OF THE ELECTRONIC FUND TRANSFERS ACT

### 15 U.S.C § 1693 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692m(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692m(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692m(a)(3) against each and every Defendant and for Plaintiff;

## COUNT IV.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL DATA TO THIRD PARTIES

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

LENA C. WILLETT

Date: 07/26/07

By: _____
Alan C. Lee, Attorney for Plaintiff
BPR #012700
PO Box 1357
Morristown, TN 37816-1357
Telephone: (423) 581-0924
Facsimile: (423) 581-9936
info@alanlee.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
)
COUNTY OF HAMBLEN )

Plaintiff LENA C. WILLETT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 7-24-07                                By: /s/ Lena C. Willett
                                                  LENA C. WILLETT

Subscribed and sworn to before me this 24 day of July, 2007.

/s/ Clara R. Olden
Notary Public

My Commission Expires February 27, 2010